## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| STEVIE JUNIOUS, | ) |
| | ) |
| Plaintiff, | ) Case No. 09 C 2415 |
| | ) |
| v. | ) Judge Charles R. Norgle, Sr. |
| | ) |
| DIRECTOR GODNIEZ; et al. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Stevie Junious, a pretrial detainee at Cook County Jail, filed suit, *pro se*, against

multiple Defendants, alleging the conditions of his confinement at Cook County Jail constituted

cruel and unusual punishment. Presently pending before the Court is Defendants' motion for

summary judgment. For the reasons stated in this order, the motion is granted.

## LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and

admissions on file, together with affidavits, if any, show that there is no genuine issue as to any

material fact." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323

(1986). All of the evidence and the reasonable inferences that may be drawn from the evidence are

viewed in the light most favorable to the nonmovant. *Miller v. American Family Mutual Ins.*, 203

F.3d 997, 1003 (7th Cir. 2000). Summary judgment may be granted when no "reasonable jury could

return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.* , 477 U.S. 242, 248

(1986). However, a party cannot defeat summary judgment by relying on unsubstantiated facts or

by merely resting on its pleadings. *See Hemsworth, II v. Quotesmith.com, Inc.*, 476 F.3d 487, 490

(7th Cir. 2007); *Greer v. Board of Educ. of the City of Chicago*, 267 F.3d 723, 729 (7th Cir. 2001).

Instead, the party that bears the burden of proof on an issue must affirmatively demonstrate, with admissible evidence, that a genuine issue of material fact exists that requires a trial. *See Hemsworth*, 476 F.3d at 490.

When Defendants filed their motion for summary judgment, they included a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" as required by *Timms v. Frank*, 953 F.2d 281, 285 (7th Cir. 1992); *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982). This notice clearly sets out the requirements of this Court's Local Rule 56.1. In particular, the notice explains that Plaintiff's response must comply with Federal Rule of Civil Procedure 56(c) and Local Rule 56.1

Local Rule 56.1(b) requires a party opposing a motion for summary judgment to file:

> (3) a concise response to the movant's statement that shall contain
>
> (A) a response to each numbered paragraph in the moving party's statement, including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and
>
> (B) a statement, consisting of short numbered paragraphs, of any additional facts that require denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

L.R. 56.1(b).

The district court may require strict compliance with Local Rule 56.1. *See Ammons v. Aramark Uniform Serv., Inc.*, 368 F.3d 809, 817 (7th Cir. 2004); *Bordelon v. Chicago School Reform Board of Trustees*, 233 F.3d 524, 527 (7th Cir 2000) (strict compliance with the local rules governing summary judgment is upheld given the importance of local rules that structure the summary judgment process); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs"). Although *pro se* plaintiffs are entitled to lenient standards, compliance with procedural rules is required. *Members v. Paige*, 140 F.3d 699,

2

702 (7th Cir. 1998) ("[R]ules apply to uncounseled litigants and must be enforced"); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir.1994); *Fischer v. Ameritech*, No. 98 C 7470, 2002 WL 1949726, *4 (N.D. Ill. Aug. 23, 2002) (Pallmeyer, J.).

Despite being given this notice, Plaintiff did not file a response to Defendants' motion or their proposed statements of undisputed fact. Accordingly, Defendants' proposed statements of fact are deemed admitted. *See Chelios v. Heavener*, 520 F.3d 678, 687 (7th Cir. 2008); L.R. 56.1(b)(3)(B).

## FACTS

Plaintiff was housed in Division 6, Tier 2J, for a few months while in the custody of the Cook County Department of Corrections. (Defs.' 56.1(a)(3) Statement ¶ 2.) During that time, water leaked onto the floor, forcing Plaintiff to place towels on the floor to keep the water from spreading over the entire cell floor. Plaintiff also had to place a milk carton on the spout of the sink to prevent water from "shooting up." In addition, there was a lack of hot water in the cell. Plaintiff was able to use the sink and he was able to wash as needed. (*Id.*, at ¶ 3.) Plaintiff was also exposed to cold temperatures while at Cook County Jail. Plaintiff was able to get extra blankets and if the blankets were taken away in a shakedown, Plaintiff was able to receive more blankets. (*Id.*, ¶ 4.)

Plaintiff was also exposed to mold and insects in the showers at Cook County Jail. Plaintiff was able to take showers but gnats would be flying around and roaches were on the floor. Jail officials had cleaning crews clean the showers and detainees were provided cleaning supplies to clean the showers approximately once a week. However, the conditions of the showers stayed poor because so many people used the showers and only one or two people tried to clean the showers. (Defs.' 56.1(a)(3) Statement ¶ 5.) The ventilation in the jail was also poor. Plaintiff suffered asthma attacks because of pollen in the air, causing Plaintiff to cough and have shortness of breath.

3

Plaintiff was affected by the poor ventilation in his cell and he was provided inhalers and a nasal spray. (*Id.*, ¶ 6.)

Plaintiff does not believe that the conditions in the jail were an attempt by jail officials to punish him. (Defs.' 56.1(a)(3) Statement ¶ 7.) Plaintiff does not know who Director Godinez is and he would not be able to recognize him. (*Id.*, at ¶ 8.)

On March 20, 2009, Plaintiff filed a detainee grievance form in which he complained about the lack of hot water in his cell and the lack of Saturday visits. Plaintiff requested to be moved to a different wing of the jail. (Defs.' 56.1(a)(3) Statement ¶ 9.) That same day, the grievance form was processed by jail officials as a request. (*Id.*, ¶ 10.) Jail officials responded to Plaintiff that corrective maintenance work orders were forwarded to the Division 6 plumber. (*Id.*, ¶ 18.) The response form that Plaintiff received states that if a detainee is not satisfied with the response and/or the attempt to resolve the issue, the detainee may submit the concern and it will be processed as a grievance. (Id., ¶ 11.) Plaintiff did not resubmit the concern or file another grievance regarding the lack of hot water or any other conditions at the jail. (*Id.*, ¶ 12.) Plaintiff did not appeal the response to his grievance. (*Id.*, ¶ 13.)

John Mueller, an Assistant Administrator for the Department of Program Services at the jail, conducted a thorough review of the grievance records for grievances submitted by Plaintiff. Mueller determined that Plaintiff did not file a subsequent grievance regarding the lack of hot water in his cell or any other living conditions at the jail after his first grievance was processed as a request. (Defs.' 56.1(a)(3) Statement ¶¶ 14-15.) The grievance procedure at the jail requires that if a grievance is processed as a request, and the detainee is not satisfied with the response, the detainee must resubmit the concern as a grievance. If the detainee is not satisfied with the response from the

4

grievance, the detainee may then file an appeal within fourteen days and seek review from the Appeal Panel. (Id., ¶ 16.)

## ANALYSIS

Defendants argue that Plaintiff's claims are barred because he failed to exhaust his administrative remedies.

The Prison Litigation Reform Act of 1996 contains a comprehensive administrative exhaustion requirement. Under that statute, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997c(a). "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999).

An inmate must take all the steps required by the prison or jail's grievance system in order to exhaust his administrative remedies properly. *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-24 (7th Cir. 2002). Exhaustion is a precondition to filing suit, so that an inmate's attempt to exhaust available administrative remedies in the midst of litigation is insufficient. *Ford*, 362 F.3d at 398; *Perez v. Wisconsin Dep't of Corrections*, 182 F.3d 532, 536-37 (7th Cir. 1999). The purpose of the exhaustion requirement is to give corrections officials the opportunity to address complaints internally before the filing of a federal lawsuit. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002). Failure to exhaust administrative remedies is an affirmative defense; correctional officials have the burden of proving that the inmate had available remedies that he did not utilize. *See, e.g., Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004).

5

Defendants have demonstrated that Plaintiff did not exhaust the available administrative remedies regarding any of alleged inadequate conditions at Cook County Jail. Plaintiff did file a grievance as to the lack of hot water in his cell and the lack of Saturday visits. However, Plaintiff did not fully exhaust the available administrative remedies as to these issues because he did not refile these issues as a grievance after his initial grievance form was treated as a request, nor did he attempt to appeal the response he did receive. Plaintiff did not file any grievances as to any of the other alleged conditions on his tier.

Based on the above, no genuine issue of material fact exists as to whether Plaintiff failed to exhaust his administrative remedies. Accordingly, Defendants' motion for summary judgment is granted.

## CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment [19] is granted. Plaintiff's complaint is dismissed without prejudice pursuant to 42 U.S.C. § 1997e(2). The case is terminated.

Dated: _1-25-10_

Charles R. Norgle, Sr.
United States District Court Judge

6